# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STANLEY B. STREET, et al.,

        Plaintiff,                    :        Case No. 3:10-cv-089

                                                District Judge Thomas M. Rose
       -vs-                                   Magistrate Judge Michael R. Merz
                                                :

WELLS FARGO FINANCIAL
  OHIO 1 INC., et al.,

        Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss of Defendant Wells Fargo Financial Ohio 1, Inc., (Doc. No. 7).  Plaintiff Mary Ann Street has filed a Motion to Deny Defendant's Motion to Dismiss (Doc. No. 9), and Defendant has filed a Reply in Support (Doc. No. 10). Plaintiff Stanley Street has filed no response to the Motion.  Although Mary Ann Street's Motion to Deny speaks in the plural, she is not an attorney at law and therefore has no authority to sign filing in this Court on behalf of someone else.

A motion to dismiss is a dispositive motion on which a magistrate judge must render a recommended decision for final disposition by the assigned district judge.

### Standard of Review

The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement

of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) was recently re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.

2007)(emphasis in original).

*Bell Atlantic* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46, specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009).

**Analysis**

The Complaint, filed *pro se* by Stanley B. and Mary Ann Street, purports to state claims for relief against four Defendants: Wells Fargo Financial Ohio 1, Inc. ("Wells Fargo," the moving defendant), Chase Bank N.A./Chase Auto Finance, Santander Consumer USA, and First Financial Bank N.A. The Complaint does not differentiate among the Defendants, but seeks damages of $4 million per day from them, presumably jointly and severally, and release of liens on three pieces of personal property and one parcel of real estate.  It also seeks the arrest and prosecution of the agents involved on behalf of Defendants.

Plaintiffs allege that this Court has subject matter jurisdiction over their claims because the claims arise under federal law, citing 28 U.S.C. § 1331. From review of the Complaint, the Court concludes that Plaintiffs' claims relating to the use of their Social Security numbers and their claims under the Fair Debt Collection Practices Act arise under federal law and thus support jurisdiction under § 1331. The balance of their claims appear to arise out of the same case or controversy and thus the Court has jurisdiction of them under 28 U.S.C. § 1367.

Wells Fargo is the only Defendant who has entered an appearance in the case, having waived service of process. Plaintiffs were notified (Doc. No. 6) of the requirement in Fed. R. Civ. P. 4(m) that all Defendants be served with process not later than the 120th day after filing and that the Magistrate Judge would recommend dismissal for want of prosecution as to any Defendant who had not been served by that date. Because Plaintiffs have not made service of process on Chase Bank N.A./Chase Auto Finance, Santander Consumer USA, and First Financial Bank N.A., it is respectfully recommended that all claims against those Defendants be dismissed without prejudice for want of prosecution.

The Complaint is not organized into claims for relief as provided in the Federal Rules of Civil Procedure. Wells Fargo has attempted to discern what claims are made against it in the Motion to Dismiss and Plaintiffs have not objected to that analysis. The Magistrate Judge accordingly proceeds to analyze the claims as Wells Fargo has presented them.

**Fair Debt Collection Practices Act**

Plaintiffs allege that Wells Fargo has not provided validation of their debts and continues to attempt to collect debts from them (Complaint, Doc. No. 2, PageID 6, 8). Wells Fargo is the entity which originally made the loan to the Plaintiffs on which it is attempting to collect. It is thus an actual creditor and not a debt collection within the meaning of the Fair Debt Collection Practices Act. *Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003). The Complaint therefore fails to state a claim against Wells Fargo upon which relief can be granted under the FDCPA and all such

claims should be dismissed.

## Social Security Act

Plaintiffs complain that Defendants required them to disclose their Social Security numbers in the course of entering into transactions with the Defendants. Assuming that is true, Plaintiffs have no private right of action – no claim for relief – arising under the Social Security Act. *Edge v. Professional Claims Bureau, Inc.,* 64 F. Supp. 2d 115 (E.D.N.Y. 1999). All such claims should also be dismissed.

## Rescission

Plaintiffs apparently seek rescission of the note and mortgage they gave Wells Fargo on the ground they received no consideration for them because the Federal Reserve notes they did receive are not legal tender. On the contrary, Congress has made Federal Reserve notes legal tender. 31 U.S.C. § 5103; *Julliard v. Greenman*, 110 U.S. 421 (1884). Plaintiffs offer no authority for the proposition that a contract, the negotiation of which was accompanied by disclosure of the Social Security number of one of the parties, is subject to rescission. In any event, Plaintiffs have not tendered back to Wells Fargo what they initially received for the Note and Mortgage, which is a precondition to rescission.

## Satisfaction by Bill of Exchange

Plaintiffs claim to have tendered something they call a bill of exchange[1] to Wells Fargo in satisfaction of their debt and assert that "all accounts are equal." As Wells Fargo notes (Reply, Doc.

---

[1] Plaintiffs have not produced a copy of the "bill of exchange" for the Courts' examination.

5

No. 10, PageID 77), the Note specifies acceptable forms of payment and a bill of exchange is not one of them. Nor doe Plaintiffs cite any authority for the proposition that Congress has made "bills of exchange" legal tender so that Wells Fargo would have no choice in the matter.

## Other Theories

Plaintiffs mention the Clayton Act in the Complaint, but fail to state a claim under the antitrust laws. Plaintiffs' theory that Wells Fargo cannot prevail because it cannot produce "the original wet ink contract" is unavailing in that there are other ways of proving the existence of a contract than producing the original.

## Conclusion

Because the Complaint fails to state a claim against Wells Fargo upon which relief can be granted, it should be dismissed as to that Defendant without prejudice on that basis. Because Plaintiff has failed to make service of process on the remaining Defendants, they should be dismissed without prejudice for want of prosecution.

July 7, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).